**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>POLISHED.COM INC., et al.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-10353 (TMH) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of POLISHED.COM INC., et al.,<br><br>Plaintiff,<br>v.<br><br>THE MICHAELS CONSTRUCTION COMPANY, LLC,<br><br>Defendant. | Adv. Pro. No. 26-50095 (TMH) |

**MEMORANDUM OPINION**

Before the Debtors filed for chapter 7 relief, Michaels Construction Company bought appliances, furniture, and other goods from the Debtors in the ordinary course of business. According to the chapter 7 trustee, Michaels paid for most of what it bought but simply stopped paying for roughly $850,000 worth of goods. The chapter 7 trustee sued to collect that balance, pleading breach of contract as his primary theory and account stated, unjust enrichment, and turnover as fallbacks in case the contract claim falls short. Michaels has moved to dismiss all four counts,

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

arguing that the trustee's complaint is insufficient to plead an enforceable contract, too reliant on Michaels's silence to plead an account stated, too duplicative to plead a real unjust enrichment claim, and too much a garden-variety debt-collection suit to support turnover relief under section 542. As explained below, the trustee has done enough, at the pleading stage, to keep his contract, unjust enrichment, and turnover claims alive, but his account-stated claim asks the Court to treat silence as agreement. This is something Delaware law does not permit. The motion is accordingly granted as to Count II, without prejudice, and denied as to Counts I, III, and IV.

## I. BACKGROUND

On March 7, 2024, the Debtors petitioned for relief under chapter 7. George Miller (the "Trustee") was then appointed as the chapter 7 trustee.[2] Pre-petition, the Debtors operated e-commerce platforms that sold appliances, furniture, and home goods.[3] In his complaint, the Trustee alleges that Michaels Construction Company LLC ("Michaels" or the "Defendant") and the Debtors entered into a relationship in which the Defendant agreed to purchase products from "one or more of the Debtors" per certain terms and conditions.[4] He further alleges that the Debtors supplied goods pursuant to the terms and conditions and the Defendant

---

[2] Compl. ¶¶ 1–2 [Adv. D.I. 1].
[3] Id. ¶ 9.
[4] Id. ¶ 10.

failed to pay for some of the goods.[5] The Trustee alleges that the sum of debts accumulated pursuant to the contract is $852,829.24 (the "Withheld Funds").[6]

The Trustee asserts four counts: (1) Breach of Contract, (2) Account Stated, (3) Unjust Enrichment, and (4) Turnover of Estate Property – 11 U.S.C. § 542(b). The Trustee pleads these claims in the alternative.[7]

The Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[8] The Defendant argues that the Trustee did not adequately state a claim for any of the counts in the complaint and that each count should, therefore, be dismissed.[9]

## II. JURISDICTION

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. § 1409(a).

## III. LEGAL STANDARD

To avoid dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012, the complaint must allege sufficient facts to state a claim for relief

---

[5] Id. ¶ 11.
[6] Compl. Ex. A [Adv. D.I. 1].
[7] Compl. ¶¶ 13, 23, 29, 35.
[8] Mot. to Dismiss [Adv. D.I. 11].
[9] See Mem. of Law in Supp. of Mot. to Dismiss [Adv. D.I. 11-1].

that is plausible on its face.[10] The Court accepts well-pleaded facts as true and draws any reasonable inference in favor of the nonmovant.[11] However, the Court is not bound to accept legal conclusions, naked assertions, or a formulaic recitation of the elements of a cause of action.[12]

## IV. ANALYSIS

### A. Count I – Breach of Contract

The Defendant argues that the Trustee has failed to state a claim for relief because he has not alleged facts sufficient to show that the contract is enforceable under Del. Code Ann. tit. 6, § 2-201 (the "Statute of Frauds") and because he has not identified which contractual provision was breached.[13]

The Statute of Frauds requires that for a contract for the sale of goods for more than $500 to be enforceable, it must be in writing and signed by the person against whom the contract is being enforced, subject to certain exceptions.[14] The Statute of Frauds provides an affirmative defense and may only be the basis for the dismissal of a complaint when it appears on the face of the complaint.[15]

The complaint does not contain any allegations about the Statute of Frauds or whether the elements are met. The Trustee does allege that the Withheld Funds are $852,829.24, which is well over the $500 threshold for the Statute of Frauds to

---

[10] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).
[11] Id.
[12] See id. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").
[13] Mem. of Law in Supp. of Mot. to Dismiss ¶¶ 14–17.
[14] Del. Code Ann. tit. 6, § 2-201(1).
[15] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994).

apply, but he makes no allegations as to whether any writing, signed or unsigned, exists. Without allegations as to the elements of the defense or its applicability, it cannot be said to appear on the face of the complaint.

The Court next analyzes whether the Trustee has sufficiently stated a claim. "In order to survive a motion to dismiss for failure to state a breach of contract claim, the plaintiff must demonstrate: first, the existence of the contract, whether express or implied; second, the breach of an obligation imposed by that contract; and third, the resultant damage to the plaintiff."[16] Delaware law requires that a claim for breach of contract "identify, in a non-conclusory fashion, the specific terms of the contract that the defendant has breached."[17] This does not require a formulaic recitation of the terms of the contract or any standard higher than the federal plausibility standard.[18]

Michaels also objects that the Trustee refers generally to "one or more Debtors." However, Exhibit A specifies debtor 1 Stop Electronics Center, Inc., its

---

[16] VLIW Tech., LLC v. Hewlett-Packard Co., 840 A.2d 606, 612 (Del. 2003).

[17] Anderson v. Wachovia Mortg. Corp., 497 F. Supp. 2d 572, 581 (D. Del. 2007); but see VLIW Tech., LLC v. Hewlett-Packard Co., 840 A.2d 606, 611 (Del. 2003) ("In alleging a breach of contract, a plaintiff need not plead specific facts to state an actionable claim. Rather, a complaint for breach of contract is sufficient if it contains a short and plain statement of the claim showing that the pleader is entitled to relief." (footnotes omitted)).

[18] See Hunt Irrevocable Tr. v. Air Med. Grp. Holdings, LLC, No. CV 21-679-RGA, 2022 WL 607016, at *6 (D. Del. Feb. 4, 2022), report and recommendation adopted sub nom. Hunt Irrevocable Tr. v. Air Med. Grp. Holding, LLC, No. 21CV679-RGA, 2022 WL 742482 (D. Del. Mar. 11, 2022); In re Rosetta Genomics, Inc., No. 25-344 (GBW), 2026 WL 816787, at *5 (D. Del. Mar. 25, 2026) (finding it "unremarkable" that the federal pleading standard is used in federal courts and that Delaware Chancery Court decisions are inapposite).

customer number, and corresponding invoices. This provides ample notice under Rule 8(a) as to the contracting debtor entity.

Michaels is correct that the complaint does not identify a master agreement, payment term, due date, quantity of goods, delivery documentation, or a particular contractual clause. But the Trustee does not seek to enforce a complex provision whose operation cannot be understood without the contract text. The alleged obligation is the ordinary obligation of a buyer to pay for goods allegedly sold and delivered. Exhibit A to the complaint identifies the transactions that comprise the claimed balance. At the pleading stage, those allegations plausibly identify the obligation, breach, and damages. Whether the Trustee can prove that the invoices were authorized, that the goods were delivered and accepted, that the amounts became due, and that the net balance is accurate is a merits question.

Here, the complaint alleges that the Debtor and the Defendant entered into a contractual relationship involving the sale of certain items pursuant to invoices or statements.[19] The complaint further alleges that the Debtor supplied the items to the Defendant, and the Defendant failed to pay for some of these items.[20] The Trustee attached a summary of amounts invoiced, amounts paid, invoice numbers, invoice dates, and the total unpaid amount.[21] Although the underlying invoices are not attached to the complaint, the summary fairly puts the Defendant on notice of

[19] Compl. ¶ 10.
[20] Id. at ¶11.
[21] See Compl. Ex. A.

the transactions underlying the complaint and is sufficient under the federal pleading standard. Defendant's request to dismiss Count I is denied.

### B. Count II – Account Stated

To establish a claim for an account stated, the plaintiff must allege that "(1) an account existed between the parties; (2) the defendant stated or admitted to owing a specific sum on the account to the plaintiff; and (3) the defendant made this admission after the original account or debt was created."[22] The Defendant argues that the Trustee failed to plead essential elements of an account stated claim because the Trustee did not claim that the Debtor expressly agreed to pay a certain sum at issue.[23] The complaint does not plead that any express admissions were made by the Defendant, and the Trustee instead relies on an implied-assent theory, citing Maersk Line in support of this theory.[24] The Defendant argues that the Trustee's stance is incompatible with Delaware law because the Trustee's argument relies on New Jersey case law.[25]

While some courts have ruled that a debtor's admission may be implied through conduct, Delaware courts impose a stricter standard, requiring an

---

[22] SpecialtyCare, Inc. v. MedCost, LLC, No. 2025-0011-DH, 2026 WL 432302, at *12 (Del. Ch. Feb. 16, 2026) (citing Sparebank 1 SR-Bank ASA v. Wilhelm Maass GMBH, No. CV N19C-02-025 WCC, 2019 WL 6033950, at *6 (Del. Super. Nov. 5, 2019)).
[23] Mem. of Law in Supp. of Mot. to Dismiss ¶¶ 20–24.
[24] Opp. to Mot. to Dismiss ¶¶ 11–13 (citing Maersk Line v. TJM Int'l Ltd. Liab. Co., 427 F. Supp. 3d 528, 536 (D.N.J. 2019)) [Adv. D.I. 16].
[25] Reply ¶ 16.

allegation of an express, specific admission.[26] The Trustee does not cite any cases applying Delaware law that treat a defendant's silence or failure to object as an admission.

To the contrary, in Sparebank, the court explicitly stated that a Complaint must allege that the Debtor stated or admitted to owing a specific sum on an account.[27] A bank purchased a steel supplier's claims out of the supplier's bankruptcy estate and sued the steel buyer.[28] The complaint alleged that the buyer paid none of the invoices and pleaded account stated alongside breach of contract and unjust enrichment.[29] The Plaintiff's argument that discovery would show the buyer had acknowledged an obligation to pay a past debt did not save the pleading from dismissal.[30]

---

[26] Contrast Maersk, 427 F. Supp. 3d at 536 (finding an implied admission of indebtedness and a promise to pay through incomplete payment of invoices), and Bill Goodwin Const., LLC v. Wondra Const., Inc., No. 3:13CV157, 2013 WL 4005307, at *6 (M.D. Pa. Aug. 5, 2013) ( finding that "[a] party's retention of a statement of account for an unreasonably long time, without objection, may be a manifestation of assent"), with Hapag-Lloyd (America), LLC v. Indorama Ventures Alphapet Holdings, Inc., No. CV 23-1016-JLH-EGT, 2026 WL 161363, at *7 (D. Del. Jan. 21, 2026) (holding that an allegation that the defendant never denied that they were the party to be billed was insufficient), and Outbox Sys., Inc. v. Trimble Inc., No. CV N21C-11-123 PRW CCLD, 2022 WL 3696773, at *8 (Del. Super. Ct. Aug. 24, 2022) (dismissing a claim where the complaint contained "no facts alleging [defendant] expressly stated or admitted to owing a specific sum on an account.").

[27] Sparebank 1, 2019 WL 6033950, at *7 ("[T]he Complaint makes no allegations that Maass Flanges stated or admitted to owing a specific sum on the account. A claim for account stated cannot survive without this factual basis. Accordingly, there are insufficient factual allegations to support a claim for account stated and it is dismissed for failure to state a claim.").

[28] Id. at *1.

[29] Id.

[30] Id. at *1, *6–7.

The relevant facts in Hapag-Lloyd are similar to the facts here. A common carrier transported cargo over three years and sought damages the consignee refused to pay. On the account stated count, the only relevant allegation was that the consignee never denied being the proper billing party. Applying Delaware law, the court held the allegation insufficient and recommended dismissal.[31] Similarly, the complaint here alleges a contract for goods sold and delivered and non-payment of the Withheld Funds. The Trustee does not allege that the Defendant expressly admitted owing a specific sum and rests instead on allegations that the Trustee demanded payment and that the Defendant did not dispute the amount.[32] The alleged failure to dispute the amount demanded is essentially the same allegation held insufficient in Hapag-Lloyd, where silence as to whether the defendant was the proper party to be billed did not qualify as a statement or admission that a specific sum was owed under an account stated.

The Trustee's theory rests exclusively on the Defendant's alleged failure to dispute the demanded amount, which Delaware authority does not support.[33] Accordingly, Count II of the Complaint is dismissed without prejudice.[34]

---

[31] Hapag-Lloyd, 2026 WL 161363, at *7.
[32] Complaint ¶ 24.
[33] See Outbox Sys., 2022 WL 3696773, at *8; Hapag-Lloyd, 2026 WL 161363, at *7.
[34] For any amendment to succeed on this count, it must be based on the defendant's explicit post-debt acknowledgment or assent to a definite balance.

### C. Count III – Unjust Enrichment

The Defendant argues that Count III should be dismissed for being duplicative and for failing to adequately plead the elements of unjust enrichment.[35] To avoid dismissal, a claim for unjust enrichment must plead "'(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law.'"[36]

The existence of an express, enforceable contract precludes a claim for unjust enrichment.[37] However, "[u]nder Rule 8([d])(2),[38] plaintiffs may plead alternative theories of relief based on the same set of facts."[39] Dismissal at this stage based on an allegation of an enforceable contract is irreconcilable with this rule.[40] The Court has not yet made any determinations as to the existence, validity, scope, or enforceability of the alleged contract. In the motion, the Defendant in fact argues that the alleged contract may be unenforceable under the Statute of Frauds.[41] Without any such determinations as to the existence, validity, scope, or enforceability of the contract, a claim for unjust enrichment may survive a motion to dismiss.[42] However, if an enforceable contract is found to govern the same subject

---

[35] Mem. of Law in Supp. of Mot. to Dismiss ¶¶ 25–34.
[36] Jacobs v. Meghji, No. CV 2019-1022-MTZ, 2020 WL 5951410, at *13 (Del. Ch. Oct. 8, 2020) (quoting Nemec v. Shrader, 991 A.2d 1120, 1130 (Del. 2010)).
[37] Kuroda v. SPJS Holdings, L.L.C., 971 A.2d 872, 891 (Del. Ch. 2009).
[38] As made applicable to this proceeding through Federal Rule of Bankruptcy Procedure Rule 7008.
[39] Callaway Golf Co. v. Dunlop Slazenger Grp. Americas, Inc., 295 F. Supp. 2d 430, 438 (D. Del. 2003).
[40] St. John's Univ. v. Bolton, 757 F. Supp. 2d 144, 184 (E.D.N.Y. 2010).
[41] Mem. of Law in Supp. of Mot. to Dismiss ¶ 14.
[42] See Resnik v. Woertz, 774 F. Supp. 2d 614, 633 (D. Del. 2011).

matter, the Trustee will be unable to make a duplicative recovery under a theory of unjust enrichment.

The Defendant also argues that the Trustee only generally alleges that the Defendant accepted and retained items.[43] The complaint alleges that the Defendant was enriched and the Debtors were impoverished through the Defendant's acceptance of goods supplied by the Debtors without payment.[44] This is sufficient to state a claim for unjust enrichment.[45]

The Defendant compares the allegations in the complaint to those in Hydrogen Master and DBSI as support that they are inadequate, but the allegations in those cases are distinguishable from those here. In Hydrogen Master, the complaint "allege[d] no facts other than [the defendant] 'obtained and retained money and other value,'" which the court found too vague to provide the defendant fair notice.[46] In DBSI, the complaint similarly failed to provide fair notice because it did not provide a theory for how the defendants were enriched.[47] Here, the theory of unjust enrichment is clear and provides sufficient factual notice of the claim.

---

43 Mem. of Law in Supp. of Mot. to Dismiss ¶¶ 31–34.
44 See Complaint ¶¶ 10–11, 31–33.
45 See Am. Home Mortg. Corp. v. Showcase of Agents, LLC (In re Am. Home Mortg. Holding), 458 B.R. 161, 171 (Bankr. D. Del. 2011); Garfield on behalf of ODP Corp. v. Allen, 277 A.3d 296, 345-46, 351 (Del. Ch. 2022).
46 Hydrogen Master Rts., Ltd. v. Weston, 228 F. Supp. 3d 320, 337 (D. Del. 2017).
47 In re DBSI, Inc., 445 B.R. 351, 359 (Bankr. D. Del. 2011).

### D. Count IV – Turnover

Count IV seeks turnover of the Withheld Funds under section 542(b).[48] Debts are eligible for turnover only when they are "matured, payable on demand, or payable on order."[49] A debt is not matured when it is contingent on another event, such as the success of another claim, to be collected.[50] By contrast, turnover is available where "all acts necessary to create the debt have occurred, such as delivery of goods or performance of services," even if the defendant disputes that anything is ultimately owed.[51]

The complaint alleges that the Debtors already delivered the goods at issue and that Michaels simply failed to pay for some of them.[52] Unlike the earn-out and holdback obligations at issue in UD Dissolution, whose existence depended entirely on proving a disputed breach of a multi-part agreement, the debt alleged here does not depend on resolving any further contingency once delivery and nonpayment are taken as true. It is, in that sense, closer to the completed-performance debt in Kids World than to the still-contingent earn-out in UD Dissolution.

---

[48] Complaint ¶ 34.
[49] 11 U.S.C. § 542(b).
[50] See UD Dissolution Liquidating Tr. v. Sphere 3D Corp. (In re UD Dissolution Corp.), 629 B.R. 11, 39 (Bankr. D. Del. 2021) (finding that the court could not conclude the debt was matured where it was predicated on a breach of contract and did not present a case "where all acts necessary to create the debt have occurred"); cf. Stahl v. Ohio River Co., 424 F.2d 52, 55 (3d Cir. 1970) (finding that a claim for contribution was not a matured claim because it was contingent on a verdict establishing liability).
[51] Id. (citing Kids World of Am., Inc. v. State of Ga. Dep't of Early Care & Learning (In re Kids World of Am., Inc.), 349 B.R. 152, 164 (Bankr. W.D. Ky. 2006)).
[52] Compl. ¶ 11.

The alleged completion of the Debtors' performance also distinguishes In re Hechinger Investment Co. of Delaware, Inc.,[53] on which the Defendant relies. There, the court dismissed a turnover count seeking the same letter-of-credit proceeds sought in a breach-of-contract count, holding that turnover cannot be used to "determine the rights of parties in legitimate contract disputes" and that the count was "nothing more than an impermissible attempt to circumvent" the parallel contract claim.[54] But Hechinger itself upheld a separate turnover count for undisputed, liquidated missing deposits,[55] illustrating that turnover remains available where, as alleged here, all performance necessary to create the debt has occurred.[56]

The Court recognizes that the Defendant contests whether an enforceable contract was ever formed at all, which could be read to place the existence of any debt in doubt rather than merely the amount. That argument, however, sounds in the Statute of Frauds defense already addressed in connection with Count I, which cannot be resolved on the face of the complaint. At the pleading stage, and drawing all inferences in the Trustee's favor, the allegation that goods were delivered and not paid for adequately pleads a matured debt for purposes of section 542(b).

---

[53] Hechinger Inv. Co. of Delaware, Inc. v. Allfirst Bank (In re Hechinger Inv. Co. of Delaware, Inc.), 282 B.R. 149 (Bankr. D. Del. 2002)
[54] Id. at 162.
[55] Id. at 163–64.
[56] Cf. Am. Home Mortg. Corp. v. Showcase of Agents, LLC (In re Am. Home Mortg. Holding), 458 B.R. 161, 169 (Bankr. D. Del. 2011) (turnover claim survived dismissal where the complaint alleged an undisputed right to recover specific funds wrongfully transferred out of the estate's account).

Whether the Defendant can ultimately establish that no enforceable obligation to pay ever arose is a merits question for another day. The motion is denied as to Count IV.

## V. CONCLUSION

For these reasons, the motion to dismiss is denied as to Counts I, III, and IV and granted as to Count II, which is dismissed without prejudice.

Dated: August 27, 2026
Wilmington, Delaware

Thomas M. Horan
Thomas M. Horan
United States Bankruptcy Judge